**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VIRGIL MITCHELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. A. NO. 23-00325-TFM-C** |
| | ) | |
| **STATE OF ALABAMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Virgil Mitchell, who is currently confined at Baldwin County

Correctional Facility, filed a *pro se* complaint under 42 U.S.C. § 1983. (Doc. 1). This case

was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28

U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of this action's

proceedings, it is **RECOMMENDED** that this action be **DISMISSED without**

**prejudice** for Plaintiff Mitchell's failure to prosecute and comply with the Court's

orders.

## I.     Background

Mitchell filed a complaint seeking relief under 42 U.S.C. § 1983, seemingly

related to an arrest and criminal proceedings in the Alabama state courts. (Doc. 1).

Mitchell filed this complaint without the assistance of an attorney, *pro se*. The complaint,

however, was not on the form required by this Court for prisoner actions under § 1983.

Because the complaint was not written on this Court's § 1983 form, the undersigned

sent Mitchell a copy of the required form and ordered him to re-file his claims on the

form by September 29, 2023. (Doc. 3, 4). Mitchell objected to having to re-file his

complaint on the Court's form. (Docs. 5, 5-1, 7). The undersigned attempted to explain

to Plaintiff Mitchell, by order dated September 11, 2023, that he was required to follow

the Court's order to re-file his complaint (or risk dismissal of his action) and explained to Mitchell that his complaint was currently difficult to understand, and the Court's form is designed to help a plaintiff set out a claim – thus, allowing Mitchell the best chance to state a valid § 1983 claim. (Doc. 6). The undersigned then re-ordered Mitchell to file an amended complaint on the Court's § 1983 form by September 29, 2023, and sent him another § 1983 form to use. (*See Id*. at 3).

Also, when Mitchell filed this action, he did so without paying the $402 filing fee for bringing a § 1983 action in this Court. Accordingly, the Court ordered Mitchell to pay the required fee or file a motion to proceed without prepayment of fees by September 29, 2023 (or risk dismissal of this action), and the Court sent Mitchell the proper form used in this Court for filing a motion to proceed without prepayment of fees. (*See* Docs. 3, 4). Mitchell objected to this order as well. (*See* Docs. 5, 7). Again, the Court re-ordered Mitchell to pay the required filing fee or a conforming motion to proceed without prepayment of fees by September 29, 2023, and further warned Mitchell that failure to comply with the order would result in the dismissal of his lawsuit. (*See* Doc. 6 at 2-3).

Mitchell, again, objected to the Court's September 11, 2023 re-ordering to re-file his complaint on the Court's § 1983 form and to pay the filing fee or a conforming motion to proceed without prepayment of fees (*see* Doc. 8), and his objection has been referred for review to a U.S. District Judge. (entered 9/20/2023). However, the undersigned's orders (Docs. 4, 6), to date, have not been overturned and are still valid.

## II.    Discussion.

The September 29, 2023 deadline ordered by the Court has passed, and Plaintiff has not filed an amended complaint on this Court's form nor has he paid the filing fee for his suit or filed a motion to proceed without prepayment of fees. While Plaintiff has

filed a "Motion to Amend Pursuant to Rule 15", which appears to state allegations against Brenda Q. Gany, who is known to the Court to be the Baldwin County Clerk of Court (doc. 9), he did not use the Court's § 1983 form as ordered.

While *pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Pursuant to the Federal Rules of Civil Procedure, a court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

As previously noted, Plaintiff Mitchell has failed to follow this Court's orders to file his complaint on the Court's form and to file pay the required $402 filing fee or file a motion to proceed without prepayment of fees. Because of Plaintiff's repeated failure to follow the Court's orders, the undersigned recommends that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **4th** day of **October, 2023**.

**s/WILLIAM E. CASSADY**
**UNITED STATES MAGISTRATE JUDGE**
