IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VIRGIL MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:23-cv-325-TFM-C |
| | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Now pending are several matters for the undersigned's review. There are several objections filed by the Plaintiff Virgil Mitchell which pertain to early orders issued by the Magistrate Judge. *See* Docs. 5, 7, 8. Next, instead of complying with the Magistrate Judge's orders to file an amended complaint on the Court's form, Plaintiff filed another handwritten complaint which is not on the Court's required form. *See* Doc. 9. Given his noncompliance, the Magistrate Judge entered a Report and Recommendation which recommends denial of the motion to amend and dismissal without prejudice for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b). *See* Doc. 10. Subsequently, Plaintiff has filed five documents as objections to the Recommendation. *See* Docs. 11, 12, 13, 14, 15.

The Court first starts with the objections to the Magistrate Judge's orders that preceded Plaintiff's motion to amend filed on October 2, 2023. *See* Docs. 5, 7, 8. A party may seek review of a magistrate judge's ruling on a non-dispositive matter by serving and filing objections within fourteen days after being served with a copy. FED. R. CIV. P. 72(a). A non-dispositive matter is one that does not dispose of a claim or defense of any party. *Smith v. Sch. Bd. of Orange Cnty*., 487 F.3d 1361, 1365 (11th Cir. 2007). "A judge of the court may reconsider any pretrial matter [on a

non-dispositive issue] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). Put another way, "[i]n the absence of a legal error, a district court may reverse only if there was an abuse of discretion by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (internal quotation marks and citation omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (stating same). In sum, it is an extremely deferential standard. *See Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).

In the case at hand, Plaintiff has not shown that the magistrate judge was clearly erroneous. In fact, he has not cited any error other than simply implying that the Magistrate Judge was wrong, biased, and just general grievances. He also demands "a certificate of complaint form for Judge William Scully's arrest" before he does anything else. Given the standard of review, the Court declines to disturb the orders, finds the orders to be well-founded, and the objections are **OVERRULED**.

Therefore, the Court turns to the motion to amend, the related Report and Recommendation, and the objections that came in after the Report and Recommendation. *See* Docs. 9, 10, 11, 12, 13, 14, 15. Much as with his prior objections, they are nonsensical and do nothing to address the substance of the well-reasoned Report and Recommendation.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Since the inception of this lawsuit, Plaintiff has failed to heed the Magistrate Judge's warnings at every turn. Further, even after the Report and Recommendation, he still failed to submit an amended complaint on the Court's required form and instead just submitted "objections" which do not offset the well-reasoned analysis of the Magistrate Judge. As such, the Court finds that dismissal under Rule 41(b) for failure to comply with court orders is appropriate.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the

opinion of this Court. Therefore, it is **ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 3rd day of November, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE