IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VIRGIL MITCHELL, | ) |
| Plaintiff, | ) |
| vs. | ) CIV. ACT. NO. 1:23-cv-325-TFM-C |
| STATE OF ALABAMA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On November 3, 2023, the Court issued its Memorandum Opinion and Order dismissing this case without prejudice pursuant to Fed. R. Civ. P. 41(b) and issued a judgment pursuant to Fed. R. Civ. P. 58. *See* Docs. 16, 17. Since that time, Plaintiff has filed several documents despite the dismissal of his case. *See* Docs. 18, 19, 20, 21, 22, 23, 24. The Court will address the motions here, but for the reasons discussed below, all the motions are **DENIED**.

Plaintiff first filed a motion to remove counsel Trey Canida. *See* Doc. 18. He then filed three separate motions for release. *See* Docs. 19, 19, 20. Finally, Plaintiff then filed a motion requesting that this Court dismiss with prejudice his state court case DC Case #0003479.00. The Court has no authority to consider much less grant these motions especially considering this case has already been dismissed. As such, the motions are **DENIED**.

Plaintiff also filed a document entitled food complaint. It is not styled as a motion, but rather simply entitled food complaint. However, that document has nothing to do with his previous grievances filed in this case. If he is trying to file a separate complaint pursuant to 42 U.S.C. § 1983 or some kind of habeas case, he should initiate a separate action on the appropriate form.

Finally, Plaintiff filed two separate motions to amend. *See* Docs. 22, 24. The Court has

reviewed both motions. Neither motion addresses any of the deficiencies previously addressed in the Report and Recommendation and subsequent Memorandum Opinion and Order. As such, the Court finds no reason to readdress or reconsider the dismissal of this action. Even if properly considered as motions for reconsideration, the Court finds that they are due to be denied.

To the extent the Plaintiff intended these motions to amend as a Motion for Reconsideration of the Memorandum Opinion and Order adopting the Report and Recommendation, the Court finds that no response is necessary prior to the issuance of this opinion. The Court considers the motion under both Fed. R. Civ. P. 59 and 60.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

The Court finds that there is no newly discovered evidence presented nor a manifest error of law or fact. Much like the previous documents Plaintiff filed, he does nothing to address the deficiencies identified in his prior complaints. The Magistrate Judge gave him more than sufficient notice as to the deficiencies and he still failed to heed the warnings. Therefore, the Court stands by the dismissal of this action.

Fed. R. Civ. P. 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that , with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6).  Further, a motion under Rule 60(b) must be filed within a reasonable time and if under Rule 60(b)(1)-(3), no more than one year after the entry of the judgment.  FED. R. CIV. P. 60(c).  In the case at hand, while the motion would be timely, Plaintiff does not identify what basis would apply and much like the Court previously noted, he still fails to remedy the problems and deficiencies previously identified.

Therefore a motion to reconsider under either Rule 59 or Rule 60 fails.  Plaintiff is put on notice that this case has been dismissed and therefore he should not file further pleadings in this action.  If he wishes to initiate a new action, then he may do so.  However, to be clear, if he continues to file pleadings that do not adhere to the Court's forms, orders, and directions, then future actions may also be dismissed.

This case remains closed and Plaintiff shall not file any other pleadings in this case until he intends to file a timely notice of appeal.  Because the Court considered his recent motion to amend as an alternative motion to reconsider, his timeline for appeal begins to run with the issuance of this order.

**DONE** and **ORDERED** this 8th day of December, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE