### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **VIRGIL MITCHELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:23-cv-325-TFM-C |
| | ) |
| **STATE OF ALABAMA,** | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

On December 8, 2023, the Court issued an order instructing Plaintiff that he shall not file any other pleadings in this case until he intends to file a timely notice of appeal. On December 15, 203, the Court entered a subsequent order indicating the same. In the last month, Plaintiff has filed three new motions, which the Court has reviewed. The Court will address each in turn.

(1) Motion to Amend Criminal Charges (Doc. 30, filed 2/16/24) – Plaintiff indicates that he takes the prior Memorandum Opinion dismissing this case as a threat. He then attaches a document in which he references additional complaint in an underlying case involving Judge William Scully Jr. However, none of these appear to be an appeal, an additional motion for reconsideration, or a new case. As such, the motion (Doc. 30) including its proposed supplemental motion attached is **DENIED** and pursuant to the Court's prior orders is **STRICKEN**.

(2) The Court also received a Motion to Amend (Doc. 32, filed 3/26/24). A review of this motion has no relevance to the prior claims Plaintiff asserted. This motion pertains to issues that happened on March 18-20, 2024 at the jail where Mitchell is confined. These are clearly new allegations and therefore should be raised in a new lawsuit. Therefore, Plaintiff is **DIRECTED** that if he wishes to pursue these claims, he should file a new lawsuit on the Court's appropriate

form along with a completed motion to proceed *in forma pauperis*. The Clerk of Court is **DIRECTED** to send copies of the Court's current forms for a prisoner complaint under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees in a prisoner action. To the extent Plaintiff attempts to file an amended complaint in this closed case, the motion is **DENIED**.

(3) Finally, the Court received a Motion for Relief from Judgment pursuant to Rule 60 (Doc. 31, filed 3/15/24). Fed. R. Civ. P. 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that , with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of judgment. FED. R. CIV. P. 60(c)(1). Though styled as a Rule 60 motion, Plaintiff just continues to make similar allegations to the ones he raised previously in this lawsuit. He still asks the Court to intervene in an underlying state criminal action. He also does not state under which provision of Rule 60(b) that he asserts the motion for reconsideration. Rather, Plaintiff cites generally to deficiencies and manifest errors of law. Because of the reference to manifest errors of law and as Plaintiff is *pro se,* out of an abundance of caution, the Court also reviews the motion under Rule 59.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." United States v. Marion, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), cert.

denied, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)).  "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Arthur, 500 F.3d at 1343 (quoting Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)).  Further, a motion under Rule 59 must be filed no later than 28 days after the entry of judgment.  FED. R. CIV. P. 59(b).

The Court finds nothing in the motion for reconsideration that causes it to question its determinations in the prior opinion.  Further, the Court finds no manifest errors of law or fact.  Rather, the matters are all matters that were previously litigated or could have been raised previously.  Therefore, Plaintiff is not entitled to relief pursuant to Fed. R. Civ. P. 59 or 60 and the motion (Doc. 31) is **DENIED**.

**DONE** and **ORDERED** this 26th day of March, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE